UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS J. ADAMS and LORI A. ADAMS,

    Plaintiffs,

v.                                                       Case No.:  2:25-cv-243-SPC-KCD

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Allstate Insurance Company's Motion to Dismiss. (Doc. 11). Plaintiffs Nicholas and Lori Adams—who are represented by counsel—failed to timely respond. The Court ordered them to explain why they failed to respond and show cause why the motion should not be granted. (Doc. 12). Again, they failed to respond. So the Court now treats the motion as unopposed. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

This breach of insurance contract action arises from damage Plaintiffs' property sustained during Hurricane Ian. Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP"). It issued Plaintiffs a Standard Flood Insurance Policy ("SFIP")

effective during the time of loss. Plaintiffs submitted a claim for their damages. On December 13, 2022, Defendant sent a letter partially denying the claim. (Doc. 11-4). On January 28, 2023, it sent another letter denying Plaintiff's proof of loss. (Doc. 11-5). On February 14, 2025, Plaintiffs sued in state court. (Doc. 6). And on March 24, 2025, Defendant removed the action to federal court. (Doc. 1).

In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a). Defendant argues its December 13, 2022, denial letter was a partial disallowance that triggered § 4072's one-year limitation period.[1] (Doc. 11). And because Plaintiffs filed suit over two years later, the argument goes, their suit is time-barred. The Court agrees.

The letter was a partial disallowance that triggered the one-year limitation period. "To determine whether a letter is a partial written denial, courts closely examine the letter's content." *Palmer v. Selective Ins. Co., Inc.*,

---

[1] Defendant attaches the denial letter to its motion to dismiss. The Court may consider a document attached to a motion to dismiss if the document is "central" to Plaintiffs' claims and the authenticity of the document is unchallenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The denial letter is central to Plaintiffs' breach of insurance contract claim. *See, e.g.*, *Oceania III Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins.*, 658 F. Supp. 3d 1177, 1180 n.2 (S.D. Fla. 2023). And Plaintiffs do not challenge the letter's authenticity. So the Court considers it. *See 4922 Mgmt. LLC v. Selective Ins. Co. of the Southeast*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (considering denial letter attached to insurer's motion to dismiss in breach of SFIP claim).

No. CV 24-1599, 2024 WL 5126265, at *4 (E.D. Pa. Dec. 16, 2024) (citation omitted). "A letter from an insurer sufficient to put an insured on notice that a part of her claim has been disallowed is sufficient to trigger Section 4072's one-year limitation period." *4922 Mgmt.*, 2025 WL 417701, at *2 (citation omitted). Defendant's letter explicitly provides that it has "decided to deny coverage (on a portion of your claim; specifically, for the damaged item(s) listed below)." (Docs. 11-4 at 2). The letter then enumerates the items for which it is denying coverage and provides the policy language excluding that coverage. (*Id.*). Finally, the letter includes a Policyholder Rights form, which advised Plaintiffs of their right to appeal or file a lawsuit after their claim is denied. (Doc. 11-4 at 5). With no argument to the contrary, the Court finds that the letter was a partial disallowance. And because Defendant mailed the letter more than a year before Plaintiff filed suit, the Court must dismiss this action as time barred.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 11) is **GRANTED.**
2. Plaintiffs' Complaint (Doc. 6) is **DISMISSED with prejudice**.
3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 2, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record